**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4530**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT WILLIAM KENDRICK,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:16-cr-00257-RJC-DCK-1)

Submitted: March 19, 2018                 Decided: March 29, 2018

Before WILKINSON and NIEMEYER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Matthew Collin Joseph, Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert William Kendrick pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a) (2012), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2012). The district court determined that Kendrick was a career offender and sentenced him to a total of 262 months of imprisonment. Kendrick appeals the district court's finding that he was a career offender. For the reasons that follow, we affirm.

The district court concluded that Kendrick was a career offender based on two prior North Carolina convictions for various drug offenses, and a North Carolina conviction for common law robbery and assault with a deadly weapon inflicting serious injury. On appeal, Kendrick argues that his prior drug convictions could only be counted as one conviction and that common law robbery and assault with a deadly weapon inflicting serious injury do not qualify as crimes of violence under the career offender Guidelines. In response to Kendrick's arguments on appeal, the Government has asserted Kendrick's waiver of his appellate rights included in the plea agreement in which he waived the right to challenge his sentence except for claims of ineffective assistance or prosecutorial misconduct, and claims that his robbery and assault convictions do not qualify as crimes of violence under the Guidelines.

We "review de novo the district court's application of the . . . Guidelines, at least insofar as questions of law predominate." *United States v. Barefoot*, 754 F.3d 226, 233 (4th Cir. 2014). A defendant is a career offender if he is at least 18 years of age at the time of the offense, the offense of conviction is a crime of violence or a controlled

substance offense, and he had sustained two prior felony convictions for crimes of violence or controlled substance offenses. *U.S. Sentencing Guidelines Manual* § 4B1.1(a) (2016). The 2016 version of the Guidelines, under which Kendrick was sentenced, define a crime of violence as an offense under federal or state law punishable by imprisonment for a term exceeding one year that: "(1) has as an element the use, attempted use or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of [certain types of firearms and explosives]." USSG § 4B1.2(a); *United States v. Gattis*, 877 F.3d 150, 155 (4th Cir. 2017) (noting Guidelines amended definition of crime of violence), *petition for cert. filed*, ___ U.S. ___ (U.S. Mar. 7, 2018) (No. 17-8044).

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Kendrick knowingly and voluntarily waived his right to appeal, that the issue regarding his prior drug convictions raised on appeal falls squarely within the scope of the waiver, and that the appellate waiver should be enforced with respect to that issue. Therefore, Kendrick may not challenge the district court's conclusion regarding his prior drug convictions on appeal. In any event, even if those prior convictions were counted as a single controlled substance offense, the district court correctly concluded that Kendrick is a career offender as his common law robbery conviction is categorically a crime of violence under the enumerated offense clause of the Guidelines definition. *Gattis*, 877 F.3d at 154-60.

3

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*